IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-cv-809 |
| ) | |
| WILLIAM B. LEE, Governor of the ) | |
| State of Tennessee, ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| and ) | |
| ) | |
| DAVID B. RAUSCH, Director of the ) | |
| Tennessee Bureau of Investigation, in ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 42 U.S.C § 1983.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff:

Plaintiff asks the Court to declare the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-29-201–40-39-218 unconstitutional as applied to him pursuant to, *inter alia*, the Ex Post Facto Clause. Changes to the Act made subsequent to his conviction have been punitive in nature.

Plaintiff believes that abstention under *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) would be improper in this case because the State of Tennessee has acted in bad faith toward Doe and/or is harassing Doe as follows, *to-wit*: Doe, has been charged in

1

Marshall County **and** Bedford County for a single violation of the Act that allegedly occurred in Bedford County on July 19, 2019. The charging documents evidencing this bad faith/harassment may be viewed in Plaintiff's Response to Defendant's Motion to Dismiss (D.E. 19).

For Defendant:

As an initial matter, as argued in Defendants' Motion to Dismiss (D.E. 13, 14, 20), this Court should abstain from exercising jurisdiction over this case because granting Plaintiff relief would entail enjoining a pending state criminal prosecution. (D.E. 1, PageID# 16, ¶ 19.) The Supreme Court recognized in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Here, Plaintiff seeks to enjoin enforcement of the Act against him—this would restrain the state criminal prosecution. (D.E. 1, PageID# 19-20.) Thus, *Younger* applies to this case.

Furthermore, Defendants contend that, as applied to Plaintiff, the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-29-201–40-39-218, is not punitive in effect and, therefore, does not violate the Ex Post Facto Clause, the Due Process Clause, or the Cruel and Unusual Punishment Clause.

Defendants also assert that Governor Lee is not a proper party to this action.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of

responsive documents on or before March 22, 2022, which is 14 days after the initial case management conference.

  F.  CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than March 17, 2023, 180 days before trial, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

  G.  DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before December 31, 2022. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other

3

motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. All written and fact witness discovery-related motions must be filed by no later than February 28, 2023, unless otherwise ordered by the Court. And expert witness related motions must be filed no later than April 17, 2023, 150 days before trial, unless otherwise ordered by the Court. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or

4

Case 3:21-cv-00809   Document 21   Filed 03/03/22   Page 4 of 8 PageID #: 90

response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than September 14, 2022, 365 days before trial, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff must identify and disclose all expert witnesses and expert reports on or before January 27, 2023, 230 days before trial. The defendant must identify and disclose all expert witnesses and reports on or before February 27, 2023, 200 days before trial. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by May 8, 2023, 130 days before trial.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically using the Court's conference line on March 17, 2023, 180 days before trial, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

K. DISPOSITIVE MOTIONS: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than April 17, 2023, 150 days before trial. Responses to dispositive motions must be filed within 28 days after the filing of the motion.

Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L. ELECTRONIC DISCOVERY. With the Court's permission, the parties have elected to opt-out of the electronic discovery procedures set out in Administrative Order No. 174-1. The parties do not anticipate any issues regarding discovery of electronically stored information. By agreement, both sides will disclose electronic discovery in PDF format unless a separate format is specifically requested. Neither side need produce metadata unless there is specific cause to believe metadata is necessary for resolution of the litigation. The parties agree that they are not required to include on privilege logs any document generated after the filing of the complaint.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the

motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The bench trial of this action is expected to last approximately 2 days. A trial date no earlier than September 14, 2023, is respectfully requested.[1] An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson. It is so ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

APPROVED FOR ENTRY:

/s/ David J. McKenzie
_____
DAVID J. MCKENZIE
B.P.R. No. 025563
*The Law Offices of David J. McKenzie*
205 West Commerce Street
Lewisburg, TN 37091
T: (931) 359-7305

/s/Matthew D. Wilson
_____
MATTHEW D. WILSON
B.P.R. No. 028175
76 Harvesters Square
Tupelo, MS 38801
(662) 312-5039
starkvillelawyer@gmail.com


s/ Miranda Jones
_____
MIRANDA JONES
B.P.R. No. 036070

s/ Cody N. Brandon
_____
CODY N. BRANDON
B.P.R. No. 037504

Assistant Attorneys General
Law Enforcement and
Special Prosecutions Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
p. (615) 532-1600
fax (615) 532-4892
Miranda.Jones@ag.tn.gov
Cody.Brandon@ag.tn.gov
*Counsel for Defendants*